IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### NOVEMBER TERM, 1914.

---

MARY KELLY, APPELLANT, v. ERIE RAILROAD COMPANY, RESPONDENT.

Submitted December 4, 1913—Decided October 28, 1914.

1. The use of soft coal by railroad companies in operating their engines in this state is not negligence, for, in so doing they are exercising a right conferred upon them by the legislature; hence, it was error for the trial court, in an action brought to recover damages occasioned by smoke negligently emitted from engines of defendant company, to admit testimony that the company occasionally had operated their engines by using fuel that did not cause smoke.

2. In an action brought against a railroad company for damages alleged to have been suffered by plaintiff, arising from the unnecessary blowing of whistles and letting off steam by employes of defendant, the trial court permitted to be offered in evidence a certain bulletin issued by a superintendent of said company, under date of January 7th, 1911, reciting that certain complaints had been made about excessive noises, and warning certain employes against unnecessary whistling and blowing off steam. *Held*, that the said recital of complaints had no probative force on the question whether employes of the company had been making unnecessary noises prior to the date thereof; and *Held*, further, that even if said recitals had any probative force, the admission of the bulletin in evidence was erroneous because it appeared that the plaintiff did not enter into possession of the premises, in the occupation of which she had been disturbed by such noises, until July 1st, 1911.

379

On appeal from judgment of the Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *Collins & Corbin.*

For the respondent, *Frank M. Hardenbrook.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action brought by the plaintiff, Mrs. Kelly, to recover damages done to her house and its contents by smoke from engines of the defendant company, which she alleged was negligently emitted, and for the inconvenience and annoyance caused her by the unnecessary blowing of whistles and letting off of steam. The trial resulted in a verdict for the plaintiff, and the railroad company appeals from the judgment entered thereon.

The plaintiff was permitted to prove, against the objection of defendant's counsel, that the railroad company had on occasions burned hard coal in their engines, and, to some extent, used coke, and that neither of these kinds of fuel emitted smoke. The manifest purpose of this testimony was to make it appear to the jury that the defendant did not have to burn soft coal, which, necessarily, emits more or less smoke, and that in using this kind of fuel they were guilty of negligence. The decisions of the Court of Errors and Appeals in the cases of *Pennsylvania Railroad Co.* v. *Jersey City,* 84 *N. J. L.* 716, and *Jersey City* v. *Erie Railroad Co., Id.* 761, settle the question that the use of soft coal by railroad companies in operating their engines is not negligence, because, in so doing, they are exercising a right conferred upon them by the legislature. This being so, the testimony objected to was clearly inadmissible, and, as it was just as clearly harmful, its admission constitutes reversible error.

In support of the claim set out by the plaintiff in her complaint that she suffered inconvenience and annoyance from the unnecessary blowing of whistles and letting off steam by

employes of the defendant company, her counsel offered in evidence a certain letter, or bulletin, issued by one Parsons, a superintendent of the defendant company, under date of January 7th, 1911, which reads as follows: "All engineers and firemen: Complaint has been made of the excessive noise around Ninth and Tenth streets, and along the elevation of Jersey City, due to engines blowing off, and unnecessary whistling. This causes the residents of that locality to be antagonistic to the railroad company, and it is desired that the cause for the complaint be eliminated. All concerned will see that there is no unnecessary whistling, and that engines are kept so that they will not be blowing off, which is an unnecessary expense to the railroad, as well as an unnecessary noise." This letter, or bulletin, was admitted over the objection of the defendant company. We think it was incompetent for two reasons—*first,* it has no probative force on the question whether the employes of the company had been making such unnecessary noises prior to the date thereof. The recital contained in it that complaints had been made to the superintendent about this matter was no proof that the complaints were justified by the fact. Nor is the mandatory part of the bulletin evidential of that fact. But even if we had considered this paper as having some probative force on the question whether or not, prior to its date, the employes of the defendant company had been guilty of blowing off steam unnecessarily, or sounding their whistles more frequently than their work required, we would still consider its admission in this case erroneous. The plaintiff's complaint shows that the premises, in the occupation of which she had been disturbed by the noises referred to, were not acquired by her until about the 1st of July, 1911, and the noises of which she complained are, all of them, said by her to have occurred subsequent to that date. The fact that other noises of a like character had been unnecessarily made six months earlier could not have affected her, and was not evidential of the truth of the averments contained in her complaint.

For the reasons above set forth, the judgment under review will be reversed.